UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:20-CR-00238-JLT-SKO |
| Plaintiff, | ORDER DENYING THE GOVERNMENT'S APPEAL OF MAGISTRATE JUDGE'S DECISION |
| v. | |
| KENNETH BASH, et al, | (Doc. 854) |
| Defendants. | |

Counsel for Francis Clement and the government stipulated to protect the government's disclosures, which limited review of discovery to counsel of record only. After they moved for modification of the protective order, the Magistrate Judge granted the request of Mr. Clement's counsel to be allowed to share the information with others on the defense team. Now before the Court is the government's appeal from that order. For the reasons set forth below, the appeal is **DENIED**.

**I.     Background**

The government alleges that the "Aryan Brotherhood is a white, race-based gang formed in the California prison system in about 1964 by white inmates who wanted to gain power and authority in prison." Doc. 622 at 2. The AB "is a criminal organization whose members and associates engaged in drug trafficking, theft, and acts involving murder, extortion, burglary, robbery, and assault." *Id*. at 2. According to the government, the purpose of the Aryan

Brotherhood is to control illegal activities within the California prison system, to enrich its leaders, members, and associates, to preserve, protect and expand the reach of the AB's power and to threaten and use violence to "keep victims in fear of the AB." (Doc. 622 at 3.) The Aryan Brotherhood does this by authorizing and condoning members and associates to commit criminal acts, by engaging in acts, such as "drug trafficking, theft, robbery, and extortion." *Id*. Those who cooperate with law enforcement are targeted for murder. *Id*. at 4.

To facilitate production of certain discovery to the defense while maintaining the safety of witnesses, at the outset of the case, the government and counsel for Mr. Clement stipulated that the Court should issue a protective order in which the attorneys agreed that discovery provided by the government, "containing the statements of witnesses, victim, and confidential witnesses in this case," would be limited to the "Defense Team." (Doc. 573 at 2) This precluded disclosure of the discovery beyond the attorneys of record and precluded review by Mr. Clement. *Id*. The Court condoned the stipulation and ordered it into effect. *Id*. at 6. Several months later, Mr. Clement's counsel and the government stipulated to the entry of another protective order related to a specific disclosure[1], though the stipulation does not limit itself to any particular discovery.[2] (Doc. 836 at 8)

In the current motion, Mr. Clement sought to modify the protective order to allow review of discovery produced by the government by "investigators, experts, paralegals, and attorneys consulting with counsel regarding this matter." (Doc. 811 at 3) In support of the motion, Clement's counsel—Ms. Byrialson and Jean Barrett[3]—asserted that the inability to share the discovering with additional members of their defense team was "thwarting counsel's

---

[1] At the hearing, the government noted, [T]his protective order only pertains to one report and a handful of recordings. It does not pertain to all of the discovery. It pertains only to very specific discovery that was produced under Rule 16 because they involved statements of Defendant Clement, and that is why it's been only produced to Clement's team. Because, otherwise, this would have fallen under all of the other discovery that the Government is not giving to counsel that the Court has already ruled is appropriate until the time before trial when it needs to be discovered. So it is a very limited amount of discovery here. It's not the entire case." (Doc. 866 at 16-17)

[2] This stipulation was not filed, in error, so no court order was issued.

[3] Mr. Castle represented Mr. Clement at the time of the earlier protective order, but he withdrew from the representation, and the Court appointed Ms. Barrett. Since that time, the Court has also appointed David Stern to represent Mr. Clement.

1    effectiveness and preventing counsel from adequately investigating and testing the government's

2    case." (Doc. 811 at 4) Counsel further asserted that requiring counsel to conduct the investigation,

3    rather than allowing experienced investigators to do it, was inconsistent with the ABA's standards

4    for counsel in death penalty eligible cases. *Id*. at 5. Counsel asserted, "Providing investigators but

5    preventing them from reading the discovery or being present at witness interviews with the

6    attorneys is tantamount to denying access to those personnel . . ." and it "cripples the defense

7    investigation effort. Under these circumstances, counsel risks providing ineffective assistance of

8    counsel by conducting interviews without the investigator present and participating in the

9    investigative interviews." *Id.* Counsel also reported that there was an ambiguity in that when the

10   investigators locate information, which was already known to defense counsel due to production

11   of discovery, if the protective order prevents them from discussing the information with the

12   members of the defense team. *Id.* at 6.

13       In the meanwhile, the government agreed that investigator, Rachel Roberts, could be

14   included in the protective order and could be allowed to have access to the information, but it

15   objected to modification of the protective order otherwise. (Doc. 836 at 3) In particular, the

16   government explained that a particular recording of the defendant and the associated

17   documentation of the recording, if disclosed more widely, would identify an informant and put

18   the informant at risk. *Id*. at 3-4.

19       After considering the arguments, Judge Oberto found[4], "I agree that having one

20   investigator assist counsel in a case that is this complex, where the parties or the Defendants are

21   facing the criminal charges they're facing and the maximum possible penalties, one investigator

22   is insufficient. So the second investigator will be able to review the documents and confer with

23   defense counsel." (Doc. 866 at 7-8) Judge Oberto continued, "This is a complicated case. This is

24   a complex case and two investigators are reasonable . . . [¶ ] So there will be two investigators

25   [4] The Court first addressed whether discovery could be shared with Mr. Clement. The Court held, "With
26   regard to review of discovery with Mr. Clement, this is a case involving Aryan Brotherhood allegations
     and confidential informants whose identities must be protected for
27   their continued safety and security.
         Given that background, I cannot allow discussions with Mr. Clement or other Defendants about
28   the nature of the recordings and the circumstances surrounding the attempted offenses that may identify or
     will identify the informants. **That request is denied**." (Doc. 866 at 18, emphasis added)

and the investigators will be subject to the same protective order. And so that motion for adding the investigator is granted." *Id*. at 9-10.

The Court also considered whether Mr. Clement should be provided a copy of any statements made to investigators. Judge Oberto observed that Rule 16 required disclosure of such statements and that because this was his own statement made to people Mr. Clement knew were law enforcement officers, it did not reveal anything not already known to him and he could have it.

**II.      Analysis**

When a party seeks reconsideration of a magistrate judge's pretrial ruling, a district judge "may not simply substitute its judgment for that of the deciding court."[5] *United States v. BNS, Inc*., 858 F.2d 456, 464 (9th Cir.1988). Rather, the district court must use the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Khrapunov v. Prosyankin*, 931 F.3d 922, 931 (9th Cir. 2019); *Grimes v. City of San Francisco*, 951 F.2d 236, 240-241 (9th Cir. 1991); L.R. 303(f). The "clearly erroneous" standard applies to the magistrate judge's factual findings and is "significantly deferential." *Security Farms v. International Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *Avalos v. Foster Poultry Farms*, 798 F.Supp.2d 1156, 1160 (E.D. Cal. 2011). This requires the district judge to be left with the definite and firm conviction that the magistrate judge has made a mistake before the district judge may reconsider the magistrate judge's order. *Id.*

When the magistrate judge's determination "turns on a pure question of law, [the district judge's] review is plenary under the 'contrary to law' branch of the Rule 72(a) standard and is de novo. *PowerShare, Inc. v. Syntel, Inc*., 597 F.3d 10, 15 (1st Cir. 2010). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Calderon v. Experian Info. Solutions, Inc*., 290 F.R.D. 508, 511 (D. Idaho 2013).

---

[5] Local Rule 430.1(j) allows a party to appeal a final decision of a magistrate judge. This section instructs the appellant to include the information noted in section 430.1(i), as appropriate to support the brief. Section (i) indicates that the Court will employ Local Rule 303, when considering motions for reconsideration. Though the Local Rules do not indicate explicitly that Local Rule applies to appeals from a decision of a magistrate judge, the Court concludes that the standards of Rule 303 apply because these standards are consistent with 28 U.S.C. § 636(b)(1)(A).

**II.     The government's appeal**

After conducting oral argument on the motion to expand the protective orders, Judge Oberto issued a minute order:

> MINUTE ORDER signed by Magistrate Judge Sheila K. Oberto on 11/15/2023 as to Kenneth Bash, Kenneth Johnson, Francis Clement: (Text Only Entry); The Court heard argument on the Motion to Modify the Protective Order. Given a case of this complexity, and the alleged charges and the maximum possible penalties, the Court hereby ORDERS the parties to meet and confer to agree upon a revised protective order that provides for the inclusion of an additional defense investigator and any assistant, expert, paralegal and attorney consulting with counsel to the current list of the "Defense Team." The parties shall agree upon this revised protective order by December 4, 2023.
>
> It is further ORDERED that by no later than December 22, 2023, the government shall provide, for each defense counsel's review with their respective clients only, a version of each defendant's own statements which were provided to known law enforcement agents, either recorded or in writing, that redacts any information that the government believes will identify confidential informants. Until receipt of those redacted statements, defense counsel SHALL NOT discuss any defendant's statements with their respective clients.

(Doc. 84&

The government's objection rests upon the safety of "witnesses, cooperators, informants, and other similar individuals is a grave concern, especially given the violent and retaliatory nature of the Aryan Brotherhood against cooperators, informants, and those that testify against members of the enterprise." (Doc. 854 at 4) The government contends that allowing Mr. Clement's defense team to add investigator Roberts is sufficient to address the concerns raised by the attorneys and to assure the safety of the witnesses. *Id*. The government continues, "Access by a larger "defense team" and especially access by the defendant is not [needed]. Despite the fact that the discovery in this case is voluminous and complex, the protective order at issue solely pertains to two reports and recorded conversations regarding an attempt to distribute a controlled substance." *Id.* Notably, however, the motion to expand the protective order referenced both the March 2023 order and the stipulation signed by Clement's lawyers, only the latter of which concerned the discovery related to the charge of distributing a controlled substance. The motion reads, "Mr. Clement, by and through counsel Jane Fisher-Byrialsen and Jean Barrett, hereby moves for an order modifying the Protective Order (Doc. 573), and a subsequent proposed protective order signed by undersigned counsel on August 30, 2023. . ." (Doc. 811 at 1)

5

The Court cannot that find that Judge Oberto's order allowing disclosure of the discovery to a greater number of members of the entire defense was clearly erroneous or contrary to law. Judge Oberto took pains to weigh the risks against the need for the defendant to adequately defend himself against this case which, as of now, seeks the ultimate penalty. On the other hand, the government's continued concern that discovery should not be provided to the defendant, was echoed by Judge Oberto, who unequivocally denied that request. ["I cannot allow discussions with Mr. Clement or other Defendants about the nature of the recordings and the circumstances surrounding the attempted offenses that may identify or will identify the informants. That request is denied."] (Doc. 866 at 18)

To the extent that Judge Oberto allowed the defense to share with each defendant statements that that defendant made to "known law enforcement agents," the Court, likewise, finds no remediable error. The government seems to concede this point, arguing only that the defendant should not be able to listen to recordings of statements made to informants. The Court does not read Judge Oberto's order to allow for disclosure of statements made to any confidential informants. Judge Oberto was careful to ensure that this did not occur. (Doc. 866 at 18) Indeed, the defense states a full understanding of this limitation. (Doc. 873 at n. 1 ["The Government mischaracterizes this ruling as ordering that Mr. Clement have similar access to the discovery as the Defense Team. [Motion at 2.] It does not, nor is that what Mr. Clement's motion sought.

**ORDER**

For the reasons discussed, the government's appeal is **DENIED**. **Defense counsel are reminded of their obligation maintain the confidentiality of the protected information and to supervise their staff closely to ensure that no protected information is shared with Mr. Clement or any defendant unless and until the Court permits it.**

IT IS SO ORDERED.

Dated:   **January 2, 2024**

UNITED STATES DISTRICT JUDGE