JANE FISHER-BYRIALSEN
Fisher & Byrialsen, PLLC
4600 S. Syracuse Street
Denver, CO 80137
(202)256-5664
jane@fblaw.org

JEAN D. BARRETT
Ruhnke & Barrett
47 Park Street
Montclair, NJ 07042
(973)744-1000
jeanbarrett@ruhnkeandbarrett.com

Attorneys for:    FRANCIS CLEMENT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> vs. <br><br> **(12) FRANCIS CLEMENT,** <br><br> Defendant | Criminal case No. 20-CR-238-JLT-SKO <br><br> **JOINT MOTION TO CONTINUE SENTENCING HEARING** |

  Mr. Francis Clement, by counsel, Jane Fisher-Byrialsen and Jean Barrett, and Mr. Kenneth Johnson, by counsel, Andrea Luem and Ryan Villa, hereby move this Court for a continuance of their sentencing hearings currently scheduled for May 19, 2025. In support of this motions Mr. Clement and Johnson state as follows:

  1. Mr. Clement and Mr. Johnson's sentencing hearings are currently scheduled for May 19, 2025.

  2. On April 30, 2025, it came to the attention of counsel for Mr. Clement and Johnson that an alleged threat or threats have been made to the lives of Mr. Clement and Johnson. Specifically, ATF Agent Gonzalez informed CDCR on March 10, 2025 that Mr. Clement and Johnson were "targeted for assault and/or murder." (See Exhibit One and Two filed under seal

JOINT MOTION TO CONTINUE SENTENCING HEARING - 1

under separate cover). He further told CDCR "violence will inevitably occur should [Johnson/Clement] remain housed in a General Population (GP) facility." *Id.*

3. This alleged threat was reported to the California Department of Corrections by Federal Agent Gonzalez.

4. Undersigned counsel need additional time to gather information on this alleged threat and investigate it to determine potential *Giglio* and/or *Brady* violation issues.

5. Counsel were never informed by the government of this alleged threat. Counsel has no information regarding when the alleged threat became known to the government/Agent Gonzalez, who made the alleged threat, whether any investigation was done to determine the credibility of the alleged threat, etc.

6. In order to determine if this information was new evidence that could be the subject of a Motion for New Trial, on May 1, 2025, Counsel requested from the government: all information it has regarding (1) the source of the threat, (2) when it was made, (3) to whom it was made, (3) when Agent Gonzalez was made aware of it, (4) what investigation Agent Gonzalez or any law enforcement has done in regards to this alleged threat, and (5) what the findings of any such investigation were. Counsel requested any documents, reports, recordings or other evidence related to this alleged threat against Mr. Johnson and Mr. Clement. The government declined to provide this information.

7. Without this information, Defendants cannot assess whether they may be entitled to a new trial. A motion for a new trial based on newly discovered evidence "must be filed within 3 years after the verdict or finding guilty." Fed. R. Crim. P 33(b)(1). In the Ninth Circuit, "the *Harrington* test requires a party seeking a new trial to prove each of the following: (1) the evidence is newly discovered; (2) the defendant was diligent in seeking the evidence; (3) the evidence is material to the issues at trial; (4) the evidence is not (a) cumulative or (b) merely impeaching; and (5) the evidence indicates the defendant would probably be acquitted in a new trial. *United States v. Hinkson*, 585 F.3d 1247, 1264 (9th Cir. 2009). However, "if an appeal is

pending, the court may not grant a motion for a new trial until the appellate court remands the case." Fed. R. Crim. P. 33(b)(1).

8. Accordingly, the Court should vacate the sentencing and permit counsel time to file a motion to compel the government to produce the information it has in order to determine if a motion for a new trial should be filed. If the Court proceeds to sentencing, Defendants will only have 14 days to appeal, which would then place this matter on hold until remand. Counsel submit that given that the information was just conveyed by Agent Gonzalez to CDCR in March, the government is in a much better position to provide what information it has to counsel, so counsel can proceed with a motion for a new trial or not.

9. AUSA Stokman opposes a continuance.

WHEREFORE, we respectfully request a continuance of the sentencing hearings to a date after the Court can decide the Motions to Compel that Mr. Clement and Johnson.

Respectfully submitted this 7th day of May, 2025.

/s/ *Jane Fisher-Byrialsen*
Jane Fisher-Byrialsen
Attorney for Defendant
FRANCIS CLEMENT
Fisher & Byrialsen, PLLC
4600 S. Syracuse Street, 9th Fl.
Denver, CO 80237
P: (303) 256-6345
Jane@FBLaw.org

/s/ *Jean D. Barrett*
Jean D. Barrett
Attorney for Defendant
FRANCIS CLEMENT
Ruhnke & Barrett
47 Park Street
Montclair, NJ 07042
P: (973) 744-1000
Jeanbarrett@ruhnkeandbarrett.com

JOINT MOTION TO CONTINUE SENTENCING HEARING - 3

/s/ Ryan J. Villa
Ryan J. Villa
Attorney for Defendant
KENNETH JOHNSON
5501 Eagle Rock Ave NE, Ste C2
Albuquerque, NM 87113
P: (505)639-5709
ryan@rjvlawfirm.com

/s/ Andrea Luem
Attorney for Defendant
KENNETH JOHNSON
400 S. 4th St. Ste 280
Las Vegas, NV 89101
P: (702)600-8403
andrea@luemlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day May of 2025, I served a true and correct copy of the foregoing via ECF to:

All counsel of record.

s/*Abigail Clement*
Abigail Clement
Paralegal